UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| MATTHEW BRANDT, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-1199 (ESH) |
| UNITED STATES, | ) ) ) | |
| Defendant. | ) ) | |

### ORDER

Plaintiff Matthew Brandt filed a *pro se* complaint on June 28, 2006, alleging errors by the Internal Revenue Service ("IRS") "in connection with the collection of [a] federal tax" (Compl. ¶ 3), and seeking damages under 26 U.S.C. § 7433. (Compl. ¶ 30.) This is the second such complaint plaintiff has filed. *See* Complaint, *Brandt v. United States*, No. 05-1613 (D.D.C.) (filed August 11, 2005) ("2005 Complaint"). Plaintiff's prior complaint, which alleged the same violation of Title 26 at issue here, was dismissed without prejudice for plaintiff's failure to demonstrate exhaustion of his administrative remedies, as required by 26 U.S.C. § 7433. Memorandum Opinion and Order, *Brandt v. United States*, No. 05-1613 (D.D.C. Jan. 30, 2006) ("January 30 Order"). Because plaintiff's complaint alleges the same facts at issue in his prior complaint, and fails to redress the exhaustion requirement that formed the basis for the Court's prior ruling, the Court finds that plaintiff's complaint barred under the doctrine of collateral estoppel.

"[C]ollateral estoppel preclude[s] relitigation of both issues of law and issues of fact if

1

those issues were conclusively determined in a prior action. *U.S. v. Stauffer Chem. Co.*, 464 U.S. 165, 170 (1984). Thus, issues that were "actually and necessarily decided" previously cannot constitute the subject of a subsequent lawsuit. *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983.) It is "unfair to the winning party and an unnecessary burden on the courts to allow repeated litigation of the same issue in what is essentially the same controversy." *Stauffer Chem. Co.*, 464 U.S. at 171 (internal quotation marks omitted). Here, plaintiff has alleged no new facts that would alter the Court's exhaustion analysis. The substance of the complaint involves virtually identical allegations of misconduct by the IRS "beginning with 'tax year' 1999." *Compare* 2005 Complaint at ¶ 1 *with* Complaint, *Brandt v. United States*, No. 06-1199 (D.D.C.) (filed June 28, 2006) ("2006 Complaint") at ¶ 1. Any differences in the facts alleged in Brandt's 2006 Complaint do nothing to cure his conceded failure to exhaust administrative remedies. The Court will not waive the exhaustion requirement, nor will it countenance repetitious litigation that clogs the federal courts and wastes both the opposing party's and the Court's time.

It is hereby **ORDERED** that the case be dismissed with prejudice.

s/<br>ELLEN SEGAL HUVELLE<br>United States District Judge

DATE:   July 10, 2006